FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TONI E.,<br><br>              Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | NO: 1:19-CV-03093-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 10, 11. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney D. James Tree. The Defendant is represented by Special Assistant United States Attorney Justin L. Martin. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 10, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 11.

**JURISDICTION**

ORDER ~ 1

1    Plaintiff Toni E.[1] protectively filed for supplemental security income on
2  January 6, 2016, alleging an onset date of March 3, 2015.  Tr. 185-90.  Benefits were
3  denied initially, Tr. 105-08, and upon reconsideration, Tr. 114-24.  Plaintiff
4  requested a hearing before an administrative law judge ("ALJ"), which was held on
5  September 14, 2017.  Tr. 37-81.  Plaintiff had representation and testified at the
6  hearing.  *Id*.  The ALJ denied benefits, Tr. 12-31, and the Appeals Council denied
7  review.  Tr. 1.  The matter is now before this Court pursuant to 42 U.S.C. §
8  1383(c)(3).

## BACKGROUND

10   The facts of the case are set forth in the administrative hearing and
11  transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.
12  Only the most pertinent facts are summarized here.

13   Plaintiff was 44 years old at the time of the hearing.  Tr. 64.  She went to
14  high school through the eleventh grade.  Tr. 65.  Plaintiff lives with her boyfriend.
15  Tr. 45-46.  At the time of the hearing, she testified that she works four to five hours
16  a week for a "marketing vending company that works exclusively for Walmart,"
17  and she has work history as a cook.  Tr. 50-51, 68-70.  Plaintiff testified that she
18  cannot work full-time because of pain in her back and neck, severe pain if she is on

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

1  her feet too long, hand numbness if she uses them too much or sits too long, and

2  "debilitating headaches." Tr. 53-54, 62.

3  Plaintiff testified that she had spinal surgery in 2015, and another spinal

4  fusion surgery less than a year later in 2016. Tr. 56. She reports a lot of neck pain

5  even after the surgeries, a constant numb sensation in her in her back, pains in her

6  shoulders, muscle spasms, and numbness in her hands that sometimes causes her to

7  drop things. Tr. 55-56. Plaintiff testified that she cannot lift over five to ten

8  pounds, and ends up dropping an item if she tries to lift it because she doesn't have

9  enough strength in her hands. Tr. 59-60.

**STANDARD OF REVIEW**

11  A district court's review of a final decision of the Commissioner of Social

12  Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

13  limited; the Commissioner's decision will be disturbed "only if it is not supported

14  by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

15  1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a

16  reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

17  (quotation and citation omitted). Stated differently, substantial evidence equates to

18  "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

19  citation omitted). In determining whether the standard has been satisfied, a

20  reviewing court must consider the entire record as a whole rather than searching

21  for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

ORDER ~ 4

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the

ORDER ~ 5

severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above.

ORDER ~ 6

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 6, 2016, the application date.  Tr. 17.  At step two, the ALJ found that Plaintiff has the following severe impairments: spinal impairments, carpal tunnel syndrome, hypertension with a history of tachycardia, Hashimoto's disease versus other thyroid disorder, asthma, headaches, and obesity.  Tr. 18.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 19.  The ALJ then found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 416.967(b) except she cannot crawl or climb.  She can occasionally balance, stoop, kneel, and crouch.  She can frequently reach, handle, and finger.  She should avoid concentrated exposure to pulmonary irritants, or even moderate exposure to hazards or vibration.

Tr. 19-20.  At step four, the ALJ found that Plaintiff has no past relevant work.  Tr. 24.  At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: office helper, storage facility rental

ORDER ~ 7

clerk, document preparer, and addresser. Tr. 25. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since January 6, 2016, the date the application was filed. Tr. 26.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 10. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ erred by failing to reopen a prior application;

2. Whether the ALJ failed to properly assess Listing 1.04 at step three;

3. Whether the ALJ improperly discredited Plaintiff's symptom claims; and

4. Whether the ALJ improperly discredited the lay witness statement.

## DISCUSSION

**A. Step Three**

At step three of the sequential evaluation of disability, the ALJ must determine if a claimant's impairments meet or equal a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii). The Listing of Impairments "describes for each of the major body systems impairments [which are considered] severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience." 20 C.F.R. § 416.925. To meet a listed impairment, a claimant must establish that he meets each characteristic of a listed impairment relevant to her claim. 20 C.F.R. § 416.925(d). If a claimant meets the listed

criteria for disability, she will be found to be disabled. 20 C.F.R. § 416.920(a)(4)(iii). The claimant bears the burden of establishing she meets a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Each Listing sets forth the "symptoms, signs, and laboratory findings" that must be established in order for claimant's impairment to meet the listing. *Tackett,* 180 F.3d at 1099. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990) (emphasis in original). The claimant's impairment must not only be one listed in Appendix 1, but must have the specific findings shown in the listing for that impairment. *Marcia v. Sullivan,* 900 F.2d 172, 175 (9th Cir. 1990).

Here, at step three, the ALJ referenced a summary of "evidence" and concluded that Plaintiff's "spinal impairments do not meet or equal Listing 1.04."[2] Tr. 19. Plaintiff argues the ALJ erred at step 3 by failing to properly assess

---

[2] The ALJ also found Plaintiff's carpal tunnel syndrome did not meet or equal Listing 11.14. However, the Court declines to address this issue because it was not addressed with specificity in Plaintiff's opening brief. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

ORDER ~ 9

1 whether Plaintiff met or equaled Listing 1.04A.³  ECF No. 10 at 4-8.  "A
2 boilerplate finding is insufficient to support a conclusion that a claimant's
3 impairment does not" meet or equal a listed impairment.  *Lewis v. Apfel*, 236 F.3d
4 503, 512 (9th Cir. 2001).  An ALJ must make specific findings regarding why a
5 plaintiff does not meet all the Listing requirements.  *See id.* at 512–13.  Here, the
6 criteria for Listing 1.04A "disorders of the spine" are satisfied when there is
7 evidence of spinal disorder "resulting in compromise of a nerve root (including the
8 cauda equina) or the spinal cord," as well as "[e]vidence of nerve root compression
9 characterized by neuro-anatomic distribution of pain, limitation of motion of the
10 spine, motor loss (atrophy with associated muscle weakness or muscle weakness)
11 accompanied by sensory or reflex loss." 20 C.F.R. Pt. 404, Subpt. P, App. 1, §
12 1.04A.

13   As an initial matter, the Court notes that even if an ALJ makes a boilerplate
14 finding that an impairment does not meet a Listing, this Court will not reverse

---

³ The ALJ generally found that Plaintiff's "spinal impairments do not meet or equal listing 1.04," and referenced evidence pertaining to Plaintiff's cervical and lumbar spine.  *See* Tr. 19.  However, Plaintiff appears to confine her challenge to the ALJ's consideration of her alleged cervical spine impairment under Listing 1.04A.  *See* ECF No. 10 at 4-8.  Thus, the Court limits its analysis to whether the ALJ erred in considering whether Plaintiff's cervical spine impairment meets or equals Listing 1.04A.  *See Carmickle*, 533 F.3d at 1161 n.2.

ORDER ~ 10

where the ALJ made sufficiently detailed findings in other portions of her decision. *See Lewis,* 236 F.3d at 513.  Moreover, where a Listing has multiple requirements that an impairment must satisfy, even if an ALJ does not make findings about each Listing requirement, the ALJ's decision is sufficiently specific if the ALJ discussed and evaluated evidence that one of the requirements was not met.  *See id.* However, as an initial matter, the ALJ in this case failed to identify any of the specific criteria needed to meet or equal Listing 1.04A, including the threshold requirement of evidence of spinal disorder "resulting in compromise of a nerve root (including the cauda equina) or the spinal cord".  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.  Moreover, the Court is unable to discern any portion of the ALJ's decision that contains "sufficiently detailed findings" as to why Plaintiff does not meet any of the specific Listing requirements of 1.04A.  Instead, the ALJ relied entirely on a summary of evidence, without evaluating whether that evidence meets or equals a specific element of Listing 1.04A.  The objective evidence noted by the ALJ includes: a May 2015 discectomy surgery on Plaintiff's cervical spine; a December 2015 MRI that showed mild to moderate degenerative disc disease, with disc protrusion at L5-S1 that caused minimal effacement of the thecal sac, and no spinal stenosis or foraminal compromise; January 2016 examination findings of full strength in all four extremities, but limited sensation in her right arm and diminished reflexes; a January 2016 MRI of the cervical spine finding mild degenerative disc disease, with spurring at C5-6 that caused effacement of the

ORDER ~ 11

thecal sac and possibly the underlying spinal cord; general examination findings of normal sensation, strength, and reflexes at treatment visits in 2016 and 2017; second cervical spine fusion surgery in March 2016; and a June 2017 MRI of Plaintiff's cervical spine showing satisfactory alignment, well-maintained vertebral body heights and disc space, mild spurring at C5-6 that caused mild effacement of the thecal sac, and no spinal stenosis or foraminal compromise. Tr. 19 (citing Tr. 358-60, 402-03, 428, 438-42, 517, 651, 663-64, 876, 962, 969, 1031). Moreover, although not cited in the ALJ's evaluation at step three, he did briefly cite March 2015 MRI results elsewhere in the decision, that indicated a disc herniation causing displacement and compression of the left C5 nerve root. Tr. 21, 302.

However, in rendering a decision, the ALJ must provide the reasoning underlying the decision "in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Standing alone, a summary of the objective medical evidence from the relevant adjudicatory period, without any finding as to why this evidence fails to meet or equal Listing "1.04," is insufficient for this Court to meaningfully review the ALJ's decision. *See Brown-Hunter*, 806 F.3d at 492 (quoting *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ) (a district court may not "substitute [its] own discretion for that of the agency" because " 'the decision on disability rests with the ALJ and the Commissioner ... in the first instance, not with a district court.' ").

ORDER ~ 12

Defendant argues that the Court should affirm the ALJ's step three finding because (1) "the ALJ relied on the opinions of Norman Staley, M.D. and Howard Platter, M.D. – state agency physicians with specialized expertise and knowledge of Social Security disability programs," who did not opine that Plaintiff met a Listing, and (2) Plaintiff testified that she was working at the time of the hearing, "which undercuts the claim that her neck condition is so severe as to prevent her from doing any gainful activity." ECF No. 11 at 10-11. However, the Court is not permitted to consider this reasoning, as it was not articulated by the ALJ in support of the step three finding. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

For all of these reasons, the Court finds the ALJ erred at step three, and it is necessary to remand for a proper consideration of whether the evidence in the record supports a finding that Plaintiff's claimed impairments meet or equal the severity of Listing 1.04A.

**B. Additional Assignments of Error**

Plaintiff also challenges the ALJ's decision not to reopen Plaintiff's prior application, rejection of Plaintiff's symptom claims, and evaluation of the lay witness statement. ECF No. 10 at 3-20. On remand, after reconsidering the medical evidence, should the ALJ find that Plaintiff does not have an impairment

ORDER ~ 13

or combination of impairments that meet or equal one of the Listings at step three, the ALJ should continue the subsequent steps of the sequential evaluation process. Thus, the ALJ must reconsider the medical opinion evidence, Plaintiff's symptom claims, and the lay witness statement, and this Court need not address Plaintiff's remaining arguments in detail here. In addition, because this matter is remanded for additional proceedings, the ALJ on remand should reconsider whether to reopen the prior application.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly

evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ must reevaluate whether Plaintiff meets or equals the severity of a Listing at step three. The ALJ should also reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from a medical expert. Finally, the ALJ should reconsider the Plaintiff's symptom claims and lay witness statement, and the remaining steps in the sequential analysis, including reassessing Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 10, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 11, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** June 25, 2020.

                    *s/Fred Van Sickle*
                      Fred Van Sickle
                      Senior United States District Judge